STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

SARAH E. GRISWOLD (CABN 240326)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    FAX: (408) 535-5081
    sarah.griswold@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 5:21-CR-261-LHK |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| MOUNIR GAD, | |
| Defendant. | |

    The defendant, Mounir Gad, pleaded guilty to Counts One and Two of the captioned Information charging him with Securities Fraud in violation of 15 U.S.C. § 78j(b) and 78ff, 17 C.F.R. §§ 240.10b-5, 240.10b5-1, and 240.10b5-2, 18 U.S.C. § 2. The defendant's total offense level is 5, his criminal history category is I, and his Guidelines range is 0 to 6 months. The counts of conviction carry maximum sentences of 20 years of imprisonment.

    Based on the application of the factors set forth in 18 U.S.C. § 3553(a), the United States recommends the Court sentence as follows: a probation term of two years that includes the conditions proposed by the Probation Office, a condition that the defendant comply with all terms of his resolution

of the parallel civil enforcement action brought by the United States Securities and Exchange Commission arising out of the facts that led to the captioned Information, including, but not limited to, the payment of a civil monetary penalty in the amount of $51,700, a condition of 100 hours of community service, and any other conditions deemed appropriate by this Court; a monetary fine of $500, and a special assessment in the amount of $200.

**FACTS**

From March 2015 through August 3, 2016, the defendant was employed as a vice president by Silicon Valley Bank ("SVB") in its Sponsor Finance Group in Palo Alto, California. Throughout his employment at SVB, the defendant owed a fiduciary duty to SVB and its clients from using material, undisclosed insider information from them for his personal benefit.

Through the course of his employment, the defendant obtained material non-public information relating to the acquisitions of two companies by SVB clients. The defendant willfully provided material non-public information relating to these acquisitions to his friend, Nathan Guido, and encouraged Guido to buy and sell shares of stock in these companies. The defendant and Nathan Guido agreed to share the profits of Guido's trading on the information the defendant provided, and Guido did, in fact, share with profits with the defendant.

<u>Count 1: Procera Networks, Inc.</u>

In March and April 2015, SVB advised Francisco Management, L.P., on financing matters related to the acquisition of Procera Networks, Inc. Through the course of his employment at SVB, the defendant learned of the Procera Networks, Inc. buyout on March 28, 2015. The defendant caused Nathan Guido to make multiple purchases of Procera Networks, Inc. shares, including the purchase of 750 shares of on April 16, 2015, based on material, non-public information and confidential information the defendant obtained in the course of his employment at SVB. The acquisition was publicly announced on April 22, 2015. Nathan Guido entered an order to sell the Procera shares on May 21, 2015, for a net gain of approximately $2,200.

<u>Count 2: Sizmek Inc.</u>

In July and August 2016, SVB advised Vector Capital on financing matters related to the

acquisition of Sizmek Inc. Through the course of his employment at SVB, the defendant learned of the Sizmek buyout on July 25, 2016. The defendant shared the Sizmek ticker symbol with Guido through coded language and caused Nathan Guido to purchase 26,022 shares of Sizmek Inc. on August 1, 2016, based on material, non-public information and confidential information the defendant obtained in the course of his employment at SVB. The acquisition was publicly announced on August 3, 2016. Nathan Guido entered an order to sell the shares the same day, which resulted in a profit of approximately $27,000.

## SENTENCING GUIDELINES CALCULATION

The United States agrees with the Probation Officer's Sentencing Guidelines calculation, which should be calculated as follows:

    a.    Base Offense Level, U.S.S.G. § 2B1.1(a)(1):    7
    b.    Acceptance of Responsibility, U.S.S.G. § 3E1.1(a)    -2
    Total Offense Level:    5

At a total offense level 5 and a Criminal History Category of I, the Guidelines call for a sentence of between 0 and 6 months in prison.

## SENTENCING RECOMMENDATION

District courts must impose sentences that promote the "sentencing goals" listed in 18 U.S.C. § 3553(a), and, "while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *United States v. Booker*, 543 U.S. 220, 259, 264 (2005). The Court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the objectives of imprisonment (punishment, deterrence, incapacitation, rehabilitation), the applicable Guidelines range, the policy statements enunciated by the Sentencing Commission, and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a). The United States submits that these factors warrant a sentence at the low end of the applicable Guidelines.

On multiple occasions, the defendant violated his fiduciary duty to his employer and their clients for his own personal benefit. This repeated conduct impacted not only the securities market, but the defendant's employer and clients. In balancing the sentencing factors, the United States believes that

while a term of incarceration is not necessary, two years of probation with conditions is appropriate. In particular, in addition to the conditions recommended by the Probation Office, the United States urges to Court to impose the additional conditions that the defendant (1) complete 100 hours of community service to be done with the approval of the Probation Office, and (2) comply with all terms of his resolution of the parallel civil enforcement action brought by the United States Securities and Exchange Commission arising out of the facts that led to the captioned Information, including, but not limited to, the payment of a civil monetary penalty in the amount of $51,700.

## CONCLUSION

The United States asks the Court to sentence Mounir Gad to two years of probation that includes the conditions proposed by the Probation Office, a condition that the defendant comply with all terms of his resolution of the parallel civil enforcement action brought by the United States Securities and Exchange Commission arising out of the facts that led to the captioned Information, including, but not limited to, the payment of a civil monetary penalty in the amount of $51,700, a condition of 100 hours of community service to be done with the approval of the Probation Office, and any other conditions deemed appropriate by this Court; a monetary fine of $500, and a special assessment in the amount of $200. This sentence will ensure that the Court imposes "a sentence sufficient, but not greater than necessary" consistent with its obligations under the Congressional mandate of 18 U.S.C. § 3553(a).

DATED: October 27, 2021                                Respectfully submitted,

                                                       STEPHANIE M. HINDS
                                                       Acting United States Attorney

                                                           /s/
                                                       SARAH E. GRISWOLD
                                                       Assistant United States Attorney