# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### PROBATION OFFICE
1301 Clay Street, Suite 220S
Oakland, CA 94612
TEL: (510) 637-3600

| | | |
|---|---|---|
| **ANTHONY CASTELLANO**<br>CHIEF U.S. PROBATION OFFICER |  | **CHRIS CARRUBBA-KATZ**<br>DEPUTY CHIEF U.S. PROBATION OFFICER II<br><br>**AMY RIZOR**<br>ASST. DEPUTY CHIEF U.S. PROBATION OFFICER |

November 16, 2021

**MEMORANDUM**

The Honorable Lucy H. Koh
United States District Judge

                                     RE:     **GAD, Mounir**
                                                 Docket No. CR 21-00261 LHK

Your Honor:

On November 3, 2021, the defendant appeared for Judgement and Sentencing before Your Honor. On November 10, 2021, a status conference was held where the parties where informed that Mr. Gad fabricated a portion of a support letter submitted by Byanna Lindly. The Court ordered probation to file a statement regarding how the parties should procced.

The probation office defers to the government and to the Court as to whether the defendant could be resentenced at this point. Had the conduct come to light prior to imposition of sentencing, and/or if the defendant is resentenced, the probation office believes that an enhancement for Obstruction of Justice would be applicable, pursuant is USSG §3C1.1. As noted in application note 4(C): *Examples of Covered Conduct include production or attempting to produce a false, altered, or counterfeit document or record during and official investigation or proceeding.* Furthermore, regarding Acceptance of Responsibility, pursuant to USSG §3E1.1, comment. (n.4), *conduct resulting in an enhancement under §3C1.1(Obstruction of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct.* In this case, based on the timing of the submission of the false document, the court could consider the defendant has not sincerely accepted responsibly for his actions, and thus, is not eligible for a reduction pursuant to USSG §3E1.1

With that said, the defendant's Base Offense Level would remain a 7, pursuant to USSG §2B1.1(a)(1); with a 2-level enhancement for Obstruction of Justice, pursuant to §3C1.1, the Total Offense Level would be 9. The guideline range of imprisonment would be 4-10 months, and within Zone B, §5C1.1(c), the guidelines suggest (1) a sentence of imprisonment; or (2) a sentence of imprisonment that includes a term of supervised release with condition that substitutes community confinement or home detention accreting the schedule in subsection (e), provided at least one month is satisfied by imprisonment; or (3) a sentence of probation that includes a condition of or combination of conditions that substitute intermittent confinement, community confinement, or

home detention according to the schedule in subsection (e). Under this scenario, the probation office would likely recommend a sentence of probation with a term of home confinement.

Aside from the above information, the probation office has additional concerns about the defendant since sentencing. Mr. Gad was instructed to appear in the probation office on November 8, 2021. He met with his assigned probation officer, Juan Flores, who attempted to take the first mandatory urinalysis test. The defendant told Officer Flores he was not able provide a urine sample at that time. Mr. Gad was allowed to leave the office to consume fluids and return later that afternoon. About two hours later, he returned, but could still not provide a urine sample. Officer Flores then attempted to collect a saliva sample for a different type of drug test. Mr. Gad did not saturate the sample enough and the test was ultimately invalid. At this point, Mr. Gad told Officer Flores he needed to leave immediately to pick up his son from school. He was allowed to leave and instructed to return on November 10, 2021. On November 9, 2021, Mr. Gad informed Mr. Flores that he had tested positive for Covid 19 and was quarantining, and thus could not come into the office for a urinalysis test. Officer Flores instructed Mr. Gad to provide verification of his positive Covid test. Mr. Gad submitted a pdf of a positive Covid test result dated November 9, 2021.

On November 10, 2021, Officer Flores learned of the reasons behind that day's hearing before Your Honor, so he looked at the pdf and realized the pdf document of the test result was editable (right clicking on the document opened an editing tool where one could easily change the text of the document). Officer Flores told Mr. Gad that this pdf was insufficient verification and asked the defendant to join him on a FaceTime call, so Mr. Gad could show himself accessing his online healthcare account where the positive test results were posted, which would then verify the positive results once and for all. Mr. Gad declined to do this citing healthcare privacy and said he would first need to consult with an attorney.

On November 16, 2021, Mr. Gad met with Mr. Flores in the probation office. He indicated that he had taken a rapid Covid test that morning which was negative. Officer Flores asked for verification of the original Covid positive test from November 9, and Mr. Gad stated he was refusing to provide any information based on advice from counsel. However, he also stated that he had not yet retained counsel. Mr. Gad then completed a urinalysis test which tested presumptive positive for cocaine. The urine sample has been sent to a laboratory for confirmation and if the secondary test is positive, a Form 12 will be forthcoming.

Please do not hesitate to contact me if Your Honor needs further information.  I can be reached at 415-716-7962.

                                                   Respectfully submitted,

                                                   Jessica A. Goldsberry
                                                   United States Probation Officer

Approved by:

Kyle Pollak
Supervisory United States Probation Officer

cc:    AUSA Sarah Griswold
       Defense counsel (not assigned)